IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT STEPHENS,

        Plaintiff,        Civil No. 07-6068-AA

    v.                ORDER

GUY HALL, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate at the Oregon State Penitentiary filed this action on April 3, 2007. On June 19, 2007, plaintiff filed an Amended Complaint (#14)[1] alleging that defendants violated his constitutional rights by 1.) failing to protect him from an assault by another inmate after plaintiff had warned ODOC officials that he might be

---

[1] The Amended Complaint lists "Louis James Thibodeaux, et. al." as a plaintiff and alleges two claims on behalf of Mr. Thibodeaux. Robert Stephens is the only plaintiff before the court in this action.

1 - ORDER

assaulted; and 2.) terminating plaintiff from his inmate work assignment in the OSP kitchen. Before the court is defendants' Motion to Dismiss (#46).

<u>Claim 2:</u>  Plaintiff moves the court to dismiss his Claim 2, and "proceed to litigation for Claim 1." Plaintiff's Response (#50), p. 4.  Plaintiff's motion for voluntary dismissal of Claim 2 is allowed.

<u>Claim 1:</u> Plaintiff alleges in Claim 1 that defendants "repeatedly and systematically filed and approved false and unjustified disciplinary charges, which resulted in actual threats of his life from fellow inmates." Amended Complaint (#14) p. 7.  Plaintiff further alleges that "[o]n or about February 4 & 5th, 2005, I was brutally attacked by another inmates, after I sent numerous requests to staff that my life was in imminent danger, that caused permanent damage to my eye." <u>Id.</u>, p. 8.

Plaintiff's allegations are construed as an Eighth Amendment claim that defendants' alleged acts and omissions constituted a failure to protect him and resulted in the February, 2005, assault that damaged plaintiff's eye.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions.  See, <u>Wilson v. Garcia</u>, 471 U.S. 261, 266

2 - ORDER

(1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

The allegations of plaintiff's amended complaint establish that his claim arising out of defendants alleged failure to protect him accrued when he was attacked on February 4th (or 5th), 2005. This action was filed on April 3, 2007. Therefore, plaintiff's Claim 1 is barred by the statute of limitations.

The arguments in plaintiff's Response regarding the grievance process are irrelevant to the statute of limitations defense asserted against Claim 1. The exhaustion of

3 - ORDER

administrative remedies arguments (and exhibits) are immaterial in view of plaintiff's voluntary dismissal of Claim 2.

Based on all of the foregoing, defendants' Motion to Dismiss (#46) is allowed.

As noted above in Footnote 1, Robert Stephens is the only plaintiff before the court. Accordingly the "Claim 1 / Racial Discrimination" and "Claim II - Wrongful Termination" alleged by Louis James Thibodeaux at pages 11 - 15 of the amended complaint are a nullity and denied and dismissed sua sponte.

This action is dismissed.

IT IS SO ORDERED

DATED this __29__ day of January, 2009.

                                                /s/ Ann Aiken
                                                Ann Aiken
                                                United States District Judge